Ross Bozarth, CA Bar No.: 179171
Guenard & Bozarth, LLP
8830 Elk Grove Blvd.
Elk Grove, CA  95624
Phone: (916) 714-7672
Fax: (916) 714-9031
Email: rbozarth@gblegal.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JASON JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SHARKNINJA OPERATING, LLC and DOES 1 TO 100, INCLUSIVE,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JASON JOHNSON, by and through counsel, state the following for his cause of action against the defendant, SHARKNINJA OPERATING, LLC, a Massachusetts Corporation:

**NATURE OF THE CASE**

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by **Plaintiff Jason Johnson** (hereafter referred to as "Plaintiff"), after Plaintiff was seriously injured by a "Ninja Foodie" pressure cooker (hereafter generally referred to as "pressure cooker(s)").

2. Defendant SharkNinja Operating, LLC and each DOE defendant (hereafter referred to as "Defendants") designs, manufactures, markets, imports, distributes and sell a wide-range

Complaint                                                                        1

of consumer products, including the subject "Ninja Foodie" pressure cooker at issue in this case.

3. On or about September 12, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

4. As a direct and proximate result of Defendants' conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## THE PARTIES

5. Plaintiff was, at all relevant times, a resident of the City of Elk Grove, County of Sacramento, State of California. Plaintiff has resided in the County of Sacrmamento, State of California from the time of his injuries through the present and is therefore deemed a citizen of this state for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6. Defendant Shark Ninja and each Doe Defendant designs, manufacturers, markets, imports, distributes, and sells a variety of consumer products, including the subject "Ninja Foodie" pressure cookers.

7. Defendant SharkNinja is a Massachusetts Corporation incorporated in the State of Delaware and has a principal place of business located at 89 A St. # 100, Needham, MA 02494. Defendant SharkNinja has a registered service address Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Defendant SharkNinja is therefore a citizen of the State of Massachusetts for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-100, inclusive, and, therefore, sues these defendants by such fictitious names. Plaintiff will amend this complaint to insert their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is, and at all times herein mentioned was, in the business of designing, manufacturing, fabricating, assembling, inspecting, distributing, and/or selling the pressure cookers, or parts of them, that each such defendant is responsible in some

manner for placing the particular pressure cooker hereinafter referred to, or causing it/them to be placed, into the stream of commerce, and that plaintiff's injuries as hereinafter alleged were proximately caused by the acts of such defendants, and each of them.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

11. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of California and intentionally availed itself of the markets within California through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

12. Defendant SharkNinja and each DOE defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

13. Defendant SharkNinja and each DOE defendant warrants, markets, advertises and sell its pressure cookers as a means to cook "easy" and "convenient" allowing consumers to "cook 70% faster than traditional cooking method[s]."

14. Defendant SharkNinja and each DOE defendant boasts that its pressure cookers have "14 safety features," which purport to keep the user safe while cooking.

15. For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with a "safety feature" that prevents the lid from unlocking until "the unit is completely depressurized."

16. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the pressure cooker with the reasonable expectation that it was properly designed and

manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

17. On or about September 12, 2020, Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed and sold by Defendant SharkNinja and each DOE defendant for its intended and reasonably foreseeable purpose of cooking.

18. While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns to, *inter alia*, his arms, chest and stomach.

19. Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant SharkNinja and each DOE defendant.

20. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant SharkNinja and each DOE defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, his family, and similar consumers in danger while using the pressure cookers.

21. Defendant SharkNinja's, and each DOE defendant's, pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

22. Further, Defendant SharkNinja's, and each DOE defendant's, representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

23. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

24. As a direct and proximate result of Defendant Sharkninja's, and each DOE defendant's, intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an

unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

25. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant SharkNinja's, and each DOE defendant's, pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## FIRST CAUSE OF ACTION
## STRICT LIABILITY-DESIGN DEFECT

26. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27. Defendants are the manufacturer, seller, distributor, marketer, and supplier of the subject Pressure Cookers, which was negligently designed.

28. Defendants failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Pressure Cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

29. As a result, the subject Pressure Cookers, including Plaintiff's Pressure Cooker, contain defects in their design and manufacturing which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendants. The defect in the design allows consumers such as Plaintiff to open the lid while the unit remains pressurized, despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, first, second and third-degree scald burns.

30. Plaintiff in this case used his Pressure Cooker in a reasonably foreseeable manner and did so as substantially intended by Defendants.

31. The subject Pressure Cooker was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

32. The design defects allowing the lid to open while the unit was still pressurized directly rendered the Pressure Cookers defective and were the direct and proximate result of Defendant's negligence and failure to use reasonable care in designing, testing,

manufacturing, and promoting the Pressure Cookers.

33. As a direct and proximate result of Defendants's negligent design of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

34. Despite the fact that Defendants knew or should have known that the Plaintiff and consumers like her were able to remove the lid while the Pressure Cookers were still pressurized, Defendants continued to market its Pressure Cookers to the general public.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY - FAILURE TO WARN

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully herein.

36. At the time in which the Pressure Cooker was purchased, up through the time Plaintiff was injured, Defendants knew or had reason to know that its Pressure Cookers were dangerous and created an unreasonable risk of harm to consumers.

37. Defendants had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its Pressure Cookers likely to be dangerous.

38. As a direct and proximate result of Defendants' negligent failure to warn of the dangers of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

39. Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendants continued to market its Pressure Cookers to the general public.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

40. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41. Defendants has a duty of reasonable care to design, manufacture, market, and sell

nondefective Pressure Cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

42. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Pressure Cookers in that Defendants knew or should have known that said Pressure Cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

43. Defendants was negligent in the design, manufacture, advertising, warning, marketing and sale of its Pressure Cookers in that, among other things, it:

    a. Failed to use due care in designing and manufacturing the Pressure Cookers to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce;

    c. Aggressively marketed its Pressure Cookers through social media and other advertising outlets; and

    d. Was otherwise careless or negligent.

44. Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendants continued to market (and continues to do so) its Pressure Cookers to the general public.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## FOURTH CAUSE OF ACTION
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

45. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

46. On or about September 12, 2020, Plaintiff purchased pressure cooker from Costo.

47. At the time of the purchase, Defendants knew or had reason to know that Plaintiff intended to use the product for the particular purpose he was using it on or about September 12, 2020.

48. Defendants were in the business of designing, manufacturing, distributing, and/or selling these good and held themselves out as having special knowledge or skill regarding these goods. The products are a consumer good.

49. Plaintiff alleges that at all times herein mentioned, Defendants either directly or indirectly, expressly or implied, warranted and promised that the products were safe for their intended purposes and, specifically, that they were safe for use in the matter that Plaintiff used them on or about September 12, 2020.

50. An implied warranty arose with the sale of the products that the products were fit for their intended purpose.

51. Defendants impliedly warranted that the products were fit for the purpose for which plaintiff intended to use it and knew the particular purpose for which the plaintiff intended to use the products. Plaintiff relied on Defendants' skill and judgment in purchasing and using the products.

52. Plaintiff did not modify or alter the products.

53. The products were defective when they left the Defendants' control. The products were unfit for their intended purpose, and plaintiff did not receive the products as warranted.

54. As the proximate result of Defendants' breach of express and implied warranties, plaintiff suffered severe and permanent personal injuries.

55. The failure of the products to have the expected quality was a substantial factor in causing plaintiff's harm.

56. Additionally, as a proximate result of the breach of the implied warranty of merchantability, plaintiff was compelled to retain legal counsel and has incurred attorneys' fees. California Civil Code § 1794(d) expressly authorizes the recovery of attorneys' fees for breach of an implied or express warranty "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Defendants are liable to plaintiffs for those attorneys' fees,

witness fees, and costs of litigation reasonably necessary and incurred by Plaintiff in a sum to be determined at the time of trial.

## INJURIES & DAMAGES

57. As a direct and proximate result of Defendants' negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering, as a result of the burn injuries she suffered from the incident on or about September 12, 2020.

58. As a direct and proximate result of Defendants's negligence and wrongful misconduct, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and physical disfigurement as a result of the burn injuries he suffered from the incident on or about September 12, 2020.

59. As a direct and proximate cause of Defendants's negligence and wrongful misconduct, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burn injuries he suffered from the incident on or about September 12, 2020.

60. Plaintiff's damages exceed $75,000.00 as required by 28 U.S.C. § 1332(a), and Plaintiff is entitled to recover the foregoing damages from Defendants in an amount to be proven at trial.

## JURY TRIAL DEMANDED

61. Plaintiff is entitled to and demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, including punitive/exemplary damages if applicable, to which they entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a. judgment for Plaintiff and against Defendants;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

GUENARD & BOZARTH, LLP


By: _____s/Ross Bozarth_____

Ross Bozarth (CA Bar #:179171)