Scott D. Kaiser, SBN 332399
skaiser@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Tel: 816-474-6550 | Fax: 816-421-5547

Ryan J. Williams, SBN 228925
rjwilliams@shb.com
SHOOK, HARDY & BACON L.L.P.
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Tel: 949-475-1500 | Fax: 949-475-0016

Attorneys for Defendant
SHARKNINJA OPERATING LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON JOHNSON, an individual, | No. 2:22-cv-1452 MCE DB |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| SHARKNINJA OPERATING, LLC, and DOES 1 to 100 INCLUSIVE, | |
| Defendant. | |

　　　Plaintiff Jason Johnson ("Plaintiff") and Defendant SharkNinja Operating LLC ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby enter into the following Stipulated Protective Order:

# STIPULATED PROTECTIVE ORDER

The Parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The Parties assert in support of their request that protection of the identified categories of confidential information is necessary because the Parties anticipate that certain categories of information, documents, and/or tangible things to be produced in this case will contain and will require the exchange of sensitive business and proprietary information, financial information, privileged information, and/or other confidential, private information.

The Parties will only designate material as confidential if the designating party has a good faith belief that the unrestricted disclosure of such information could potentially be prejudicial to the business or operation of such party. As set forth below, the burden to establish confidentiality remains with the designating party throughout the proceedings in this cause of action.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the Parties' joint request and hereby enters the following Protective Order.

1. Documents or information to be produced or provided by SharkNinja or any party in this litigation that contain confidential, commercially sensitive, private personal information and/or proprietary information that the designating party believes in good faith that the unrestricted disclosure of such information could potentially be prejudicial to the business or operation of such party may be designated as confidential by marking or placing the applicable notice "Confidential" on media

containing the documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document.

2. As used in this Order, the terms "documents" or "information" mean all written material, electronic data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise). Further, the term shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure.

3. Documents or information designated as "Subject to Non-Sharing Protective Order," "Subject to Protective Order," or "Confidential" or substantially similar language in accordance with the provisions of this Order ("Protected Documents" or "Protected Information") shall only be used, shown or disclosed as provided in this Order. However, nothing in this Order shall limit a party's use or disclosure of his or her own information designated as a Protected Document or Protected Information.

4. If a receiving party disagrees with the "Confidential" designation of any document or information, the party will notify the producing party by email and identify the challenged document(s) with specificity, including Bates-number(s) where available, and the specific grounds for the objection to the designation. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the parties are unable to resolve the issue of confidentiality regarding the challenged document(s), SharkNinja shall timely present the dispute to the Court initially by telephone or letter in which all parties are included or copied, before filing a formal motion for an order regarding the challenged designation. Protected Documents will continue to be treated as such pending determination by the Court as to the confidential status.

5. Protected Documents and any copies thereof shall be maintained

confidential by the persons authorized to receive the documents pursuant to paragraph 6 and shall be used only for prosecuting, defending, or attempting to settle this litigation, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a.    Counsel of Record for the parties, and the parties;

    b.    Attorneys, paralegals and staff employed by Counsel of Record's firm and involved in the preparation and trial of this action;

    c.    A vendor hired by a party to host data and maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case;

    d.    Experts and non-attorney consultants retained by the parties for the preparation and/or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of SharkNinja;

    e.    The Court, the Court's staff, witnesses, and the jury in this case;

    f.    Any mediator, special master or other third parties (collectively, "Mediators") appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff; and

    g.    With respect to documents designated as "Confidential," attorneys representing plaintiff(s) and the experts and non-attorney consultants retained by such attorneys, in other cases pending against SharkNinja involving pressure cookers with claims that they are defective, provided no disclosure shall be made to any expert or consultant who is employed by a competitor of SharkNinja.

7. The receiving party must make reasonable efforts to ensure the individuals described in paragraphs 6(b), 6(c), 6(d) and 6(f) above are Qualified Persons.

8. Before receiving access to any Protected Document or the information

contained therein, each person described in paragraphs 6(d) and 6(h) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. The receiving party shall retain each such executed Written Assurance. Each such executed Written Assurance shall be submitted to counsel for SharkNinja upon order of the Court requiring production. However, for consulting experts who were not designated as testifying experts, the receiving party may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A.

9. As the Protected Documents may only be distributed to Qualified Persons, Qualified Persons may not post Protected Documents on any website or internet accessible document repository, excepting a vendor hosted review platform for the sole purpose of reviewing the information for the subject case and not for any other purpose, and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained SharkNinja's (or the producing party's) Protected Documents and confidential information.

10. To the extent that Protected Documents are used in the taking of depositions (including exhibits) or other pretrial testimony and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with, referring to or referencing the Protected Documents or information. Designation of the portion of the transcript (including exhibits) which contains references to Protected Documents or information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft or final transcript (whichever is received earlier) of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). However, before such thirty (30) day period

expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Protected Documents. All portions of transcripts not designed as Confidential within the time frame provided herein shall be deemed not confidential.

11. If any party disagrees with the designation of all or part of a deposition transcript designated as "Protected" pursuant to Paragraph 10 above, such party must notify the designating party in a written letter and identify the testimony (by line and page designation) and the specific grounds for the objection to the designation. If the parties are unable to resolve the issue of confidentiality regarding the challenged deposition testimony, the designating party shall timely present the dispute to the Court initially by telephone or letter before filing a formal motion for an order regarding whether the challenged deposition testimony is confidential. The designated deposition testimony at issue, and any related exhibits, will continue to be treated as a Protected Document, in accord with its respective designation, pending determination by the Court as to the confidential status.

12. Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court. Specifically, if a party seeks to use information designated as confidential under this protective order in filings before the Court, it is the burden of the designating party to show "good cause" to the Court why the confidential information should be filed under seal. Any document, material, or other information designated as entitled to protection under this order, which is submitted to the Court in support of a pleading or motion, or introduced at a hearing, trial, or other proceeding in this action, may continue as protected material only by order of the Court in accordance with these procedures. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal.

13. With respect to documents designated as "Confidential," Counsel for the parties shall not be required to return the Protected Documents to SharkNinja after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

14. Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

15. The parties may disclose and produce responsive documents to each other in this litigation, and seek to do so without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection. As such, the parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

    a. The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production within 14 days after its discovery of the same.

    b. If the producing party notifies the receiving party within 14 days after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. The producing party will provide a privilege log providing information upon request or if required by the Federal Rules of Civil Procedure and applicable case law to the receiving party at the time the producing party provides the receiving party notice of the Identified Materials. If the receiving party has any notes

or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

      c.     This Stipulation and Order does not preclude a Party from intentionally waiving any claims of privilege or protection.

      d.     The receiving party shall upon notice of the Identified Materials, (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the receiving party does not challenge the assertion, return, sequester, or destroy the disclosed document or information forthwith, as well as any and all copies thereof; and (iii) if the receiving party does not challenge the assertion, destroy or sequester any references to the erroneously or inadvertently disclosed document or its contents, to the extent such references exist in other materials prepared by the producing party.

      e.     The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The receiving party must take reasonable steps to retrieve the Identified Materials if the receiving party disclosed the Identified Materials before being notified.

      f.     If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged after an actual review of the material in question by an attorney of record in this matter, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order. This Order does not impose an affirmative duty on the part of the recipient to review each document received for possibly privileged material, and the recipient may share material received with a qualified person as defined in paragraph 6 above without undertaking such a review.

  g. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed.

  h. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding.

  i. Notwithstanding the foregoing, the Parties agree that any document used by any Party in a deposition, expert report, or court filing in this action that a producing party does not claw back within 7 calendar days of its use, ("Used Document") shall not be eligible for clawback of that document under this Stipulated Protective Order. Such ineligibility for clawback of that document under this Stipulated Protective Order shall not result in a subject matter waiver in any other state or federal proceeding. The producing party reserves its rights to utilize FRE 502(b) and the receiving party reserves its rights under FRE 502(b), including but not limited to establishing whether and to what extent a court order recognizing waiver of privilege under FRE 502(b) with respect to a document effects a subject matter waiver.

16. No provision of this Order shall constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. No provision of this stipulated order is intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent set forth herein.

17. In the event that a party produces a document without a confidentiality designation as permitted by this Order, the following procedures shall apply:

  a. The producing party shall, within fourteen (14) days of the discovery of

the disclosure, notify the other party in writing. The party receiving such notice shall promptly destroy the document, including any copies it has, or return the document on request of the producing party. Within ten (10) days after such document is returned or its destruction certified, the producing party will produce a new version of any such document that was returned or destroyed, which will contain the appropriate confidentiality designation.

    b.    If the receiving party disputes the producing party's claim of confidentiality, and agreement is not reached between the parties, then the producing party may move the Court to challenge the confidential designation in accordance with Paragraph 4 of this Order.

    c.    The production of such document does not constitute a waiver of any claim of confidentiality as set forth in this order or any other matter in any other jurisdiction, unless otherwise ordered by the Court.

    18.    This Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

    19.    The Court may modify the protective order sua sponte in the interests of justice or for public policy reasons.

    20.    After termination of this litigation, the provisions of this Order shall continue to be binding.

    21.    This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**SO STIPULATED:**

April 24, 2023                                       Respectfully Submitted

                                                     SHOOK, HARDY & BACON L.L.P.


                                                     By: */s/ Ryan J. Williams*
                                                         Scott D. Kaiser
                                                         Ryan J. Williams
                                                         Attorneys for Defendant
                                                         SharkNinja Operating LLC

April 24, 2023                                       FRIEDMAN RUBIN


                                                     By: */s/ Roger S. Davidheiser*
                                                         Roger S. Davidheiser
                                                         Attorney for Plaintiff
                                                         Jason Johnson


                                                         Ross Bozarth
                                                         GUENARD & BOZARTH, LLP
                                                         Attorney for Plaintiff
                                                         Jason Johnson

**ORDER**

IT IS HEREBY ORDERED that the parties' stipulation is granted.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere

request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

 3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

 4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

 5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

 6. The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

 7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

 8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: April 26, 2023            /s/ DEBORAH BARNES
                                 UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, Jason Johnson v. SharkNinja Operating LLC, No. 2:22-cv-01452-MCE-DB, pending in the United States District Court for the Eastern District of California, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of California in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.  The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____    _____
                        Signature