Ross Bozarth, SBN 179171
GUENARD & BOZARTH, LLP
8830 Elk Grove Blvd.
Elk Grove, CA  95624
Telephone: (916) 714-7672
Facsimile:  (916) 714-9031

Roger S. Davidheiser, WSBA #18638 PHV
FRIEDMAN RUBIN PLLP
1109 First Ave., Ste. 501
Seattle, WA  98101
Telephone: (206) 501-4446
Facsimile:  (206) 623-0794

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON JOHNSON,<br><br>              Plaintiff,<br><br>       vs.<br><br>SHARKNINJA OPERATING LLC, and DOES 1 to 100 INCLUSIVE,<br><br>              Defendants. | Case No. 2:22-cv-01452-KJM SCR<br><br>**STIPULATION AND ORDER TO AMEND THE AUGUST 27, 2024, MINUTE ORDER SCHEDULING DATES FOR MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT WITNESSES HEARING** |

Plaintiff Jason Johnson ("Plaintiff") and Defendant SharkNinja Operating LLC ("SharkNinja") (jointly "parties") hereby file their Stipulation to Amend the August 27, 2024, Minute Order (Docket Number 34) to continue the Dispositive Motion Deadline and date to hear Defendant's Motion to Exclude Expert Witnesses to November 22, 2024.

**A.    The Nature of the Case and the Claims.**

On September 12, 2020, Plaintiff was using a SharkNinja pressure cooker. Plaintiff alleges that the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. Plaintiff further alleges that the contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns to his arms, chest and stomach.

Plaintiff asserts claims for Strict Products Liability and Negligence. Plaintiff is seeking damages for: (1) past medical expenses; (2) past and future physical pain and suffering; (3) past and future mental pain and suffering; (4) lost wages; (5) loss of full enjoyment permanent injuries; (6) physical impairment; (7) loss of enjoyment of life; and (8) punitive damages.

On August 22, 2024, Defendant filed its Motion for Summary Judgment and Motion to Exclude Expert Witnesses with a Note Date of September 26, 2024. (Docket 29 and 30) On that same day, the Court Ordered that the case be reassigned and that all due dates and hearings were vacated. (Docket Number 32) On August 26, 2024, the case was reassigned to Judge Mueller. (Docket Number 33) On August 27, 2024, the court reset the Dispositive Motions and Motion to Exclude Expert witnesses hearing to October 4, 2024, and a briefing schedule pursuant to Local Rule 230. (Docket Number 34)

The parties have conferred and in light of scheduling issues jointly propose the below changes to the Court's Minute Orders outlined above.

**B.      Requested Changes to the Court's Minute Order of August 27, 2024**

The Parties request the following changes to the Court's Minute Order of August 27, 2024 (Docket Number 34):

| Event | Current Date | Requested Date |
|---|---|---|
| Dispositive Motion Deadline/Hearing on Motion for Summary Judgment and Motion to Exclude Expert Witnesses | October 4, 2024 | November 22, 2024 |
| Response to Motion for Summary Judgment and Motion to Exclude Expert Witnesses | | October 18, 2024 |
| Reply to Motion for Summary Judgment and Motion to Exclude Expert Witnesses | | November 8, 2024 |

**C.      Good Cause for the Requested Changes**

The Parties jointly bring before the Court this Stipulation for their fourth request for continuance.  This request for an extension will allow the Parties to accommodate their schedules

and provide additional time to prepare their respective response and reply to the previously-filed Motion for Summary Judgment and Motion to Exclude Expert Witnesses.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Good cause exists for a continuance of the deadline for hearing of the Defendant's Motions for Summary Judgment and to Exclude Expert Witnesses. The Parties have been diligent and have worked collegially in this matter. The parties met and conferred to discuss the need for the continuance, and all agreed it was necessary.

DATED September 4, 2024.	Respectfully Submitted

GUENARD & BOZARTH, LLP


By:	 *s/Ross Bozarth*
	Ross Bozarth, CA Bar #179171

DATED September 4, 2024.	FRIEDMAN | RUBIN, PLLP

By:	 *s/Roger S. Davidheiser*
	Roger S. Davidheiser, WA Bar #18638 PHV

	Attorneys for Plaintiff
	Jason Johnson

3

| | |
|---|---|
| DATED September 4, 2024. | Respectfully Submitted |
| | SHOOK, HARDY & BACON L.L.P. |
| | By: */s/ Abigail Hudson* |
| | Abigail Hudson, CA Bar #327632<br>Michael Cappo, MO Bar #65823 Pro Hac Vice<br>Attorneys for Defendant<br>SharkNinja Operating LLC |

**ORDER**

The parties' stipulated request to extend time is GRANTED. The Dispositive Motion deadline and Motion to Exclude Expert Witnesses is hereby extended from October 4, 2024, to November 22, 2024.

It is further ordered that the deadlines for response and reply to the previously filed Motion for Summary Judgment and Motion to Exclude Expert Witnesses are extended to October 18, 2024, and November 8, 2024, respectively.

IT IS SO ORDERED.

DATED: September 6, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I certify that on this day, a copy of the foregoing document was served on the following individuals via the manner indicated below:

| | |
|---|---|
| Abigail Hudson, CA Bar No. 327632<br>Shook, Hardy & Bacon LLP<br>2121 Avenue of the Stars, Suite 1400<br>Los Angeles, CA  90067<br>ahudson@shb.com<br>*Attorney for Defendant* | ☐ Messenger<br>☐ US Mail, postage prepaid<br>☒ Email<br>☒ USDC EDC E-Filing Portal |
| Michael Cappo, MO Bar No. 65823 PHV<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO  64108<br>mcappo@shb.com<br>*Attorney for Defendant* | ☐ Messenger<br>☐ US Mail, postage prepaid<br>☒ Email<br>☒ USDC EDC E-Filing Portal |

I certify under penalty of perjury under the laws of the state of Washington, that the foregoing is true and correct.

Dated September 4, 2024.

                                        *s/Trish Bashaw*
                                        Trish Bashaw, Paralegal
                                        **FRIEDMAN | RUBIN, PLLP**